FILED
03 JUN -4 PM 1:34

U.S. DISTRICT COURT
N.D. OF ALABAMA

United States District Court
Northern District of Alabama
Western Division

Troy N. Woodson,  ]
                  ]
   Plaintiff(s),  ]
                  ]
vs.               ]   CV-02-CO-2780-W
                  ]
United States of America,  ]
                  ]
   Defendant(s).  ]
                  ]

**ENTERED**
JUN 0 4 2003

**Memorandum of Opinion**

## I.   Introduction.

Presently before the court is a motion to dismiss, or in the alternative, for summary judgment, filed by the defendant on February 18, 2003. [Doc. # 2.] The court notified the parties of its intent to treat the motion as one for summary judgment by order dated February 19, 2003. [Doc. # 5.] The issues raised in the motion have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the court is of the opinion that the motion is due to be denied.

## II.   Facts.[1]

The plaintiff, Troy N. Woodson ("Mr. Woodson"), received medical treatment on or about March 21-24, 1998, from Dr. Anand Pandey, an employee of West Alabama Health Services, Inc. ("West Alabama"). West Alabama is a facility operated by the United States

---

[1] The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).



government. The plaintiff alleges that Dr. Pandey's treatment of him was negligent, and that he suffered injuries as a result of said negligence.

On February 25, 2000, Mr. Woodson filed a complaint in the Circuit Court of Greene County, stating a medical malpractice claim arising out of his treatment in March 1998, against Dr. Ahmed S. Farah and the Greene County Hospital.[2] On April 5, 2000, Mr. Woodson added Dr. Pandey and West Alabama as defendants. Dr. Pandey and West Alabama removed the action to this court on December 1, 2000,[3] alleging in their notice of removal that West Alabama and its employees are deemed to be employees of the federal government. Also on December 1, 2000, defendants Dr. Pandey and West Alabama moved to substitute the United States as defendant in their stead because the allegedly tortious conduct complained of occurred while they were acting within the scope of their employment as agents or employees of the United States. That motion was granted on December 27, 2000. On January 16, 2001, the United States filed a motion to dismiss the action due to the plaintiff's failure to exhaust his administrative remedies, which was granted on June 7, 2001.[4]

On July 16, 2001, the plaintiff filed a notice of his claim with the appropriate federal agency pursuant to 28 U.S.C. § 2401(b). The government did not issue a determination on the claim within six months of its filing; thus, Mr. Woodson filed the complaint that forms the

---

[2] Apparently, upon release from West Alabama, on March 24, 1998, the plaintiff checked into Greene County Hospital, where he was treated by Dr. Farah.

[3] The removed action was styled *Woodson v. Farah*, CV-00-B-3465-W, and was assigned to Judge Sharon Lovelace Blackburn.

[4] The United States' motion to dismiss was granted, and the court remanded the claims against the remaining parties to the Circuit Court of Greene County.

basis of the instant action on November 13, 2002, alleging a cause of action against the United States for medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The United States filed the instant motion on February 18, 2003, alleging that the plaintiff's claim is due to be dismissed for failure to timely file his administrative claim.

**III.    Standard.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the movant has met his burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

*Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

**IV.     Discussion.**

The FTCA is a limited waiver of the general sovereign immunity of the United States, and it applies to cases of alleged medical malpractice committed by agents and employees of the United States. To maintain a claim under the FTCA, a plaintiff must file an administrative claim with the appropriate federal agency within two years of the date on which his claim accrues. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). Ordinarily, the time of accrual for a cause of action under the FTCA is the time of the injury. *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999). As an exception to this general rule, the courts have held that medical malpractice claims accrue when the plaintiff knows of both the injury and its cause. *Diaz*, 165 F.3d at 1339; *see also Price v. United States*, 775 F.2d 1491, 1493-94 (11th Cir. 1985). In this case, the defendant alleges, and the plaintiff does not contest, that Mr. Woodson's claim against the United States accrued on or about March 21-24, 1998; at that time the plaintiff knew the identities of Dr. Pandey and West Alabama, and he knew of his injury. Thus, to avoid his claim being "forever barred" under 28 U.S.C. § 2401(b), the plaintiff had to file his administrative claim by March 24, 2000. Mr. Woodson, however, did not file his administrative claim until July 16, 2001, apparently making his claim barred under § 2401(b).

However, Mr. Woodson argues that his claim was nonetheless timely filed, pursuant to 28 U.S.C. § 2679(d)(5), which provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure to first present a claim pursuant to . . . this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). Thus, so long as the plaintiff's claim accrued within two years of the filing of an action in which the United States was eventually substituted as a party defendant, and he presented his claim to the appropriate federal agency within sixty days after dismissal of that action, the administrative claim is deemed timely under 28 U.S.C. § 2401(b). *See Gonzales v. United States*, 284 F.3d 281, 291 n.11 (1st Cir. 2002); *Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997); *Grullon v. Vanacora*, No. 00-C-1652, 2002 U.S. Dist. Lexis 12796, at *5 (N.D. Ill. July 15, 2002); *Bryant v. United States*, 96 F. Supp. 2d 552, 554 (N.D. Miss. 2000). The parties do not dispute that the second requirement has been met; the first action was dismissed on June 7, 2001, and the plaintiff filed his administrative claim on July 16, 2001. It is equally clear to the court that the first requirement has been met, and therefore that the motion for summary judgment is due to be denied.

The defendant argues that although the complaint in the first action was filed within two years of the accrual of the plaintiff's claim, the savings clause nonetheless does not apply because the plaintiff failed to add the deemed federal employees until April 5, 2000 – more than two years after his claim accrued. While the purpose of the FTCA's two-year

limitations period might best be served if application of the savings clause was limited to situations where the federal employees for whom the United States is substituted are made parties to the first action within two years of the date on which the plaintiff's claim accrued, the clear language of the statute contains no such limitation. All that is required under 28 U.S.C. § 2679(d)(5) is that Mr. Woodson commenced the action in which the United States was substituted as a defendant within two years of the accrual of his claim. Mr. Woodson did so, and as such, his notice of claim is deemed timely under 28 U.S.C. § 2401(b). The defendant has given the court no reason to deviate from the clear statutory language of the savings clause, nor can the court find any cases to support the defendant's position that the savings clause applies only if the deemed federal employees are actually joined in the first action within two years of the accrual of the plaintiff's claim. Therefore, the motion for summary judgment is due to be, and will be, denied.

**V.    Conclusion.**

In summary, the court is of the opinion that the plaintiff's claim is not barred by the two-year limitations period prescribed by the FTCA, and that the motion for summary judgment is therefore due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 3rd of June, 2003.

L. Scott Coogler
United States District Judge